14 N.J. Super. 86 (1951)
81 A.2d 374
HARRY ANTWINE, JR., PLAINTIFF-RESPONDENT,
v.
ERNEST JONES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 21, 1951.
Decided May 31, 1951.
*88 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Benjamin S. Appel argued the cause for respondent (Mr. David Silver, attorney).
Mr. Leslie S. Kohn argued the cause for appellant (Mr. Maurice H. Pressler, attorney).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
Plaintiff sued the defendant in the Essex County District Court for damages for injuries suffered by plaintiff when defendant shot him. The defense was that the shooting was justified in self defense to repel an attack upon defendant by plaintiff while defendant, in line of duty as a "special police officer" of the City of Newark, was attempting to arrest plaintiff following assaults committed by plaintiff upon defendant and another immediately prior to the shooting. Defendant counterclaimed against plaintiff for an alleged assault and battery by plaintiff upon him consisting of striking him in the nose and face with bottles. After trial without a jury the court entered judgment against defendant and in favor of plaintiff on the complaint, for $1,000 damages and costs, and against the defendant on the counterclaim. The case is here on defendant's appeal upon a statement of the evidence and findings of fact settled by the trial judge under Rules 1:2-23 and 4:2-6.
A peace officer in making a lawful arrest is justified in using such force as is reasonably necessary to accomplish the arrest and, when assaulted in the process, may employ such force to defend his person as appears necessary at the time to repel the attack, but he is not justified in either case in using unnecessary force.
The evidence is in sharp conflict. We are satisfied from our examination of the settled case, however, that there was sufficient evidence to support the trial court's factual findings *89 adverse to the defendant upon both the complaint and counterclaim, and we accordingly will not disturb the judgment.
Defendant operated a tavern at 104 Wallace Street, Newark. Plaintiff and another patron, one Clark, had an argument in the tavern. Plaintiff and Clark were ejected from the tavern by defendant. Upon that much the parties agree. Defendant, supported by the evidence of Clark, testified that Clark went back into the tavern whereupon plaintiff threw a bottle into the tavern from the sidewalk, aimed at Clark but which struck defendant, and that thereupon defendant got his gun and went to the sidewalk intending to arrest plaintiff. Plaintiff's testimony was that he and Clark were still on the sidewalk continuing their argument when defendant emerged from the tavern with the gun; that he backed away and that defendant pursued him to South Orange Avenue, some 100 feet from the tavern, and shot plaintiff as he stood in the middle of that street, that plaintiff went down and while lying on the street was struck by a passing automobile. Defendant, on the other hand, said that when he emerged from the tavern with the gun he found plaintiff on the sidewalk with a bottle in each hand, that as he pursued plaintiff, attempting to arrest him, he shot when plaintiff, having reached the middle of South Orange Avenue, threw one of the bottles at him, striking him in the face.
There was, however, testimony of other witnesses which, if believed, bolstered plaintiff's version and eliminated any support for defendant's claim that he shot to repel an attack by plaintiff. That was the testimony of one of plaintiff's witnesses, an onlooker from an open window of a building on South Orange Avenue, who saw the shooting and who said she saw plaintiff "backing away" from defendant and that plaintiff had nothing in his hands. Moreover, like testimony, that plaintiff had "nothing in his hands," was given by one of defendant's own witnesses.
The judgment will be affirmed.